UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>                          Plaintiff,<br><br>   v.<br><br>KELLY CUNNINGHAM,<br><br>                          Defendants. | No. C11-6015 BHS/KLS<br><br>**ORDER TO AMEND OR TO SHOW CAUSE** |

      Plaintiff Richard Roy Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County. He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. The Court is managing this case pursuant to those Orders. ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

      On December 9, 2011, Plaintiff submitted a complaint against Defendant Kelly Cunningham. ECF No. 1. The complaint sets forth a variety of incidents (including seizure of Plaintiff's computer, television, media (CD/DVDs) and backup files, plus fraudulent misconduct violations and inequitable frivolous conditions on Plaintiff's access to the mailroom at the facility). *Id.* The Chief Judge reviewed the proposed complaint, which contained a "signed affidavit … verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by plaintiff," as required by an April 5, 2006 bar order. ECF No. 4. The Chief Judge allowed the complaint to proceed. *Id.* However, as noted by the Chief Judge, it is difficult to ascertain with complete certainty whether Plaintiff's allegations are

ORDER - 1

duplicative because Plaintiff provided no dates for any of the alleged incidents.  ECF No. 4 at 2.  Upon further review, the undersigned declines to serve the complaint because it is deficient.  However, the Plaintiff will be given an opportunity to amend.

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted.  *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).  The Court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

ORDER - 2

Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or file an amended complaint.

At various places in his complaint, Plaintiff alleges that "defendant Cunninghams staff", "The SCC staff", "they", "SCC staff". ECF No. 1 at 2-3. However, he names only Kelly Cunningham as a defendant. Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In addition, Plaintiff's complaint consists entirely of vague and conclusory statements. For example, Plaintiff alleges that his computer, media and television were taken from him. However, he does not allege who took these items from him and when these items were taken from him. Plaintiff states that he cannot now proceed with a "manditory [sic] Annual Review, a PRA violations case, two State supreme court cases, and a Personal Restraint Petition", but he fails to provide a factual basis for these conclusions. ECF No. 1 at 2. He alleges no actual injury, such as an inability to meet a filing deadline in any ongoing litigation. *See e.g., Lewis v. Casey*, 518 U.S. 343, 348 (1996).

ORDER - 3

Plaintiff alleges that "they" infracted him for having pruno, but he does not provide the name of a defendant, a date when this occurred, or an explanation of how this violated his constitutional rights. ECF No. 1 at 2. Plaintiff alleges that his new television, laptop and printer were delayed. But, he does not allege why these items were delayed, who delayed them, and why the delay violated his constitutional rights. Plaintiff alleges that "staff worked hard to write him up," and that these were "bogus write ups." But, he does not allege who was involved in these "write ups", when these write ups occurred, and how these write ups violated his constitutional rights. *Id.*

Plaintiff alleges that "SCC staff have suddenly applied all sorts of 'conditions' on me" and that there are "no hearings or appeals on 'conditions.'" Plaintiff provides no explanation of the nature of these "conditions", when the "conditions" were applied, by whom they were applied, what hearings or appeals were lacking, and what constitutional rights were violated.

Plaintiff alleges that every discovery CD is being rejected and sent to the investigations department. Plaintiff provides no factual basis for this allegation – no dates, names of persons involved, no explanation of how he has been harmed by these actions.

Plaintiff alleges that he has been subjected to certain "conditions" such as "escorts to the mailroom", "no phone calls", "confinement to unit for 72 hrs", and "no complaining to mailroom staff or medical staff or admin!" Plaintiff does not allege who placed these conditions on him, when or why these occurred, or how he was constitutionally harmed by these actions. He also makes the entirely vague allegation that "[o]ne issue was medical so I was written up for complaining to the head nurse." *Id.* at 2-3.

The Court cannot infer from the vague and conclusory statements contained in Plaintiff's complaint that the defendant or anyone else has violated his constitutional rights.

ORDER - 4

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than February 3, 2012.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

> (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;
>
> (2) the dates on which the conduct of each Defendant allegedly took place; and
>
> (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Amended Complaint" and contain the same case number**. Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named Defendant.

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  11th  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6