UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

          Plaintiff,

  v.

KELLY CUNNINGHAM,

          Defendant.

No. C11-6015 BHS/KLS

ORDER REGARDING PLAINTIFF'S "MOTION FOR SELF RECUSAL"

On January 25, 2012, Plaintiff filed a "Motion for Self Recusal" and requested that the Honorable Karen L. Strombom, United States Magistrate Judge, recuse herself from these proceedings. Dkt. No. 8. Plaintiff requests that the undersigned recuse herself on the grounds that "[s]he… is acting as the defense lawyer for the defendants again now." Id. Plaintiff is apparently reacting to Magistrate Judge Strombom's order that he amend his complaint or show cause why his matter should not be dismissed. Dkt. No. 6.

Pursuant to Local General Rule 8(c), Judge Strombom reviewed Plaintiff's motion, declined to recuse herself voluntarily, and referred the matter to the undersigned. Dkt. No. 9. Plaintiff's motion is therefore ripe for review by this Court.

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Strombom to recuse herself and DENIES the motion.

ORDER REGARDING RECUSAL MOTION - 1

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

This motion to disqualify arises out of Judge Strombom's Order to Amend or Show Cause (Dkt. No. 6), which found that Plaintiff's complaint failed to present enough facts to state a claim for relief that is plausible on the face of the complaint and directed Plaintiff to file an

ORDER REGARDING RECUSAL MOTION - 2

amended pleading or risk dismissal.  Plaintiff responded with a request for Judge Strombom to recuse herself, concluding his response by observing that

> This complaint needs to be served now (not yet) and if the defendants feel the[y] can file a motion to dismiss fine.  That is not up to the Magistrate Judge.

Dkt. No. 8, p. 4.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties.  Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiffs would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice.  Plaintiffs do not allege any facts outside the record that improperly influenced the decisions in this matter.  Plaintiffs have identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias.

Plaintiff may disagree with Judge Strombom's rulings but that is a basis for appeal, not disqualification.  As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Strombom's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion for Judge Strombom to recuse herself voluntarily.

ORDER REGARDING RECUSAL MOTION - 3

1  The Clerk of the Court shall send a copy of this Order to Plaintiff and to any parties who
2  have appeared in this action.

4  DATED this  24th  day of February, 2012.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
Chief United States District Judge

ORDER REGARDING RECUSAL MOTION - 4