UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>                   Plaintiff,<br>    v.<br><br>KELLY CUNNINGHAM,<br><br>                   Defendant. | No. C11-6015 BHS/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Before the Court is Plaintiff's "Motion for a Lawyer". ECF No. 19. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

ORDER - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

This case is neither complex nor does it involve complex facts or law. Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case and fails to meet his burden to demonstrate his inability to present his claims to this Court without counsel.

Plaintiff states that he "has had mild alztimers [sic]". However, based on the unsupported statements in Plaintiff's motion, the Court is unable to determine whether Plaintiff is suffering from any medical condition that hinders his ability to adequately articulate or pursue his claims. If Plaintiff requires additional time to prosecute this matter, he should provide the Court with documentation of his medical conditions so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

Plaintiff also complains that he is without a computer and all evidence is electronic. This statement is disingenuous and incorrect. The Court is aware that all documents produced in discovery to Plaintiff in Case No. C11-5509BHS/KLS were produced in hard copy.

ORDER - 2

Plaintiff also requests, in the alternative, that the Court "remove the case management order." ECF No. 19, at 2. Plaintiff provides no basis in law or in fact for this action. Finally, Plaintiff suggests that the undersigned "should consider recusing herself." The Court will take no action on this statement. If Plaintiff wishes to file a proper motion to recuse, he may do so. He knows how to do so as he has filed numerous such motions in the past.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 8) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this  11th  day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3