UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                Plaintiff,

v.

KELLY CUNNINGHAM,

                Defendant.

No. C11-6015 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: June 29, 2012**

Before the Court is Plaintiff's "Emergency Motion for Sanctions/Relief". ECF No. 18. Mr. Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County. He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. The Court is managing this case pursuant to those Orders. ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

Pursuant to the case management orders, any motions for temporary relief filed by Mr. Scott must first be reviewed by the judge:

> Any motion for temporary restraining order (TRO) or other injunctive relief must comply with all of the requirements of Fed. R. Civ. P. 65. Any motion for a TRO or other injunctive relief, other than contained in a complaint, must first be reviewed by the judge. If the motion does not meet the requirements of Fed. R. Civ. P. 65 the motion shall be filed with the judge's notation that the document is to be filed with no further ruling by the Court. The defendant in the case need not file a response to the motion unless directed to do so by the judge.

*Scott v. Seling*, C04-5147 RJB, ECF No. 152, ¶ 11 at p. 3.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis and citations omitted).

Thus, Mr. Scott must show that he is likely to succeed on the merits of his claim, that he will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance of harm favors him, and that public interest favors granting the relief he seeks. In his Amended Complaint, Mr. Scott alleges that Defendant Cunningham, either directly or through his employees, engaged in retaliatory conduct against him after he sued Defendant Cunningham in Case No. C11-5509. This alleged conduct included confiscating Mr. Scott's computer and electronic data, subjecting him to room and strip searches, wrongful infractions and demotions, slowing down vendor orders, applying restrictive conditions, interferring with legal mail, and

REPORT AND RECOMMENDATION - 2

threatening loss of privileges when Mr. Scott complained about mailroom actions or medical issues. ECF No. 13.

With the foregoing legal principals and Mr. Scott's claims in mind, the undersigned makes the following recommendation as to Mr. Scott's motion for temporary injunction. It is not entirely clear what relief Mr. Scott seeks in his motion. He complains that he is being kept out of the mailroom and has no phone use and cannot call his sister, the media, or his bank. ECF No. 18, at 1-2. Under the heading relief, he states: "immediate relief is needed since foot problems can be not just be painful, but can result in a preminate [sic] disabilities. Already in a disability as has as [sic] court access via the mailroom." *Id.,* at 2. He also refers to being on a NCS diet and prostate issues. Attached to his motion is a note addressed to "Sziebert" dated May 31, 2012 complaining of a "swollen leg foot". *Id.*, at 4.

The issues raised in this motion are not related to the claims raised in this lawsuit. Further, Mr. Scott makes no showing of any immediate threat of irreparable harm and makes no effort to comply with the standards governing temporary injunctions. In fact, Mr. Scott makes no colorable argument for any relief at all. It is recommended that the noting date of this motion (ECF No. 18) be **stricken** and that there be no further ruling on this motion by the Court.

## CONCLUSION

Based on the foregoing and the case management orders governing this case, the undersigned recommends that no further action be taken on ECF No. 18.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION - 3

*Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 29, 2012**, as noted in the caption.

**DATED** this   11th   day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4