1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                              Plaintiff,

        v.

KELLY CUNNINGHAM,

                              Defendant.

No. C11-6015 BHS/KLS

**ORDER ON MOTION TO ENGAGE IN DISCOVERY (ECF NO. 20)**

Before the Court is Plaintiff's Motion to Engage in Discovery.  ECF No. 20.  Pursuant to the Case Management Order governing this case, Plaintiff must submit written discovery to the Court for prior approval before engaging in discovery.  *Scott v. Seling*, C04-5147 RJB.  ECF No. 24, ¶ 4.  Defendant Cunningham argues that Plaintiff's discovery requests must be limited to the time frame alleged in Plaintiff's complaint.  ECF No. 32.  Plaintiff replies that Defendant is intentionally misleading the Court and requests that Defendant be sanctioned.  ECF No. 35.  Plaintiff's request for sanctions is without basis in law or in fact and shall be denied.

**BACKGROUND**

In his amended complaint, Mr. Scott alleges that Kelly Cunningham retaliated against him, personally or via his staff, for bringing a civil rights lawsuit, Case No. C11-5509 BHS/KLS.  ECF No. 13, ¶ 3.3.  He alleges the retaliatory conduct began "after Scott filed *Scott v. Cunningham* C11-5509, in 2011".  *Id.*  That case was filed in the Western District on April 21, 2011 and Mr. Cunningham was served with process on July 21, 2011.  ECF No. 33 (First Declaration of Donna J. Hamilton), ¶ 2.  Mr. Scott provides a long list of alleged retaliatory actions, e.g., behavioral conditions, searching his computer, but the underlying premise is that

ORDER - 1

because he prosecuted Case No. C11-5509, Mr. Cunningham retaliated against him.  ECF No. 13.  Further, Mr. Scott alleges, "Cunningham had previously done the same thing in 2006, indicating a SCC SOP."  ECF NO. 13, ¶ 3.4.  Mr. Cunningham has been the Chief Executive Officer (CEO) of the SCC since August 2009.  ECF No. 33 (Hamilton Decl.), ¶ 6.

As noted above, Mr. Scott must seek this Court's leave to engage in discovery.  ECF No. 24, ¶ 4.  He may not issue any subpoenas or summons without prior approval and a showing that the subpoena or summons is proper.  *Id.* ¶ 5.  To do so he must submit an affidavit which clearly discloses the nature of the information he is seeking and sets forth the name and address of the person to whom the subpoena is directed.  *Id.*

## DISCUSSION

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know discoverable matter.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  The Court may limit the extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Further, the Court may limit discovery if the burden or expense outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

ORDER - 2

Mr. Scott alleges that Defendant Cunningham retaliated against him:  "after Scott filed *Scott v. Cunningham* C11-5509, in 2011".  ECF No. 13, ¶ 3.3  Case No. C11-5509 was filed in the Western District on April 2, 2011.  ECF No. 33 (Hamilton Decl.), ¶ 2.   Mr. Scott also alleges that Defendant Cunningham's conduct is the same as that which occurred in 2006.  Scott has repeatedly litigated, unsuccessfully, the 2006 confiscation and search of his computer:

> Mr. Scott claims the actions taken against him are retaliatory.  The record placed before the court shows Mr. Scott is belligerently confrontational with staff members, was storing unauthorized items on his computer, is making unreasonable demands for legal access, and is making repetitive motions that violate Fed Rule Civil Procedure 11 and Local General Rule 3 (d) regarding expedition of court business.

ECF No. 33 (Hamilton Decl.), Attachments A at 7, B (*Scott v. Weinberg,* C06-5712 FDB/JKA, ECF NO. 75 at 7 (Report and Recommendation) and adopted at ECF NO. 95).   Mr. Scott sought judicial review in state court three times.  ECF No. 33 (Hamilton Decl.), Attachment C (*In the Matter of the Personal Restraint of Richard Scott,* Washington State Court of Appeals (Div.I) Cause No. 62689-2-I (Order of Dismissal).

Mr. Scott does not allege that he was the subject of any alleged retaliation by Defendant Cunningham between 2006 when his computer was confiscated and April 21, 2011 when he filed Case No. C11-5509.  Further, Mr. Scott claims that Mr. Cunningham's retaliation stems from his knowledge that Mr. Scott filed a lawsuit against him.  Mr. Cunningham was not served with process in the C11-5509 case until July 21, 2011.   Therefore, any information sought regarding events that allegedly occurred prior to the time that Mr. Cunningham was served in Case No. C11-5509 is not relevant.

Mr. Scott has also submitted for this Court's approval several requests for the production of documents that he created himself and which appear to have no relevance to his claim against Defendant Cunningham.  For example, he seeks communications that he sent to Pechos, K.

ORDER - 3

Sparks, SCC Accounting, Weinberg, Cathi Harris, D. Weeks, Al Nerio, and M. Lovel.  ECF No. 20, p. 7-8 RFP 8-14.  He also seeks the following information: (1) destruction or return mail notices for anyone issued in 2010 and 2011; (2) reprimands and letters of dismissal of any staff; (3) the 2007 dismissal of the infraction he received in 2006 for having sexually explicit images of boys on his computer; (4) notes from Dr. Spizman's interview of staff in 2008; (5) all computer or media inspection reports of his computers from 2005 to the present; (6) any appeal by him of any inspection of his computer or media that resulted in an infraction since 2005; (7) any infraction issued in 2006; (8) any infraction issued in 2010; (9) all documents, transcripts, DVDs and depositions of all staff conducted by him from 2005 to the present; and (10) videos taken of him in 2011 and 2012.  None of these documents are relevant to Mr. Scott's claim of retaliation by Dr. Cunningham in this case.

Mr. Scott also seeks records regarding former SCC staff members Dr. Carey Sturgeon (Clinical Director), Walter Weinberg (Program Area Manager), Hugh Williams (Residential Rehabilitation Counselor), and Dr. Randall Griffith (medical department).  ECF No. 20, p. 11, ¶¶ 29, 30.  Mr. Scott provides no explanation for why information on these persons is relevant to the narrow issue raised against Mr. Cunningham in his amended complaint.

Based on the foregoing, Plaintiff's claims and the Court's review of his proposed discovery, the Court **ORDERS as follows:**

(1)     Plaintiff's request to proceed with interrogatories (Exhibit 1 to ECF No. 20) is **GRANTED as to Interrogatories 2, 3, 4-7, 8 (part 2 only), 16, 17, 18, 19, 20, 21, 22, and 23.** Plaintiff shall serve the foregoing interrogatories on Defendant in accordance with the rules governing discovery.  Defendant shall respond and/or object within the time and manner set forth

ORDER - 4

in the rules.  All remaining interrogatories contained in ECF No. 20 are **DENIED**.  None of the

remaining interrogatories are relevant to Plaintiff's stated claim.

(2)      Plaintiff's request to proceed with requests for production (Exhibit 2 to ECF No.

20) is **GRANTED as to 1-3, 4 (as to Scott only), 5, 7 (as to Scott only), 14 (as to Mr. Scott**

**only)[1], 19 (only as to inspections occurring on or after July 21, 2011), 24, 26 (only as to**

**records from 2011 to the present), 27, 28 (only as to records from 2011 to the present), and**

**31.**  Plaintiff shall serve the foregoing requests for production on Defendant in accordance with

the rules governing discovery.  Defendant shall respond and/or object within the time and

manner set forth in the rules.  All remaining requests for production contained in ECF No. 20 are

**DENIED**.  None of the remaining requests for production are relevant to Plaintiff's stated claim.

(3)      Plaintiff's request to serve requests for admissions is **DENIED.**  Although

referred to in his motion, there were no requests for admissions attached to Plaintiff's motion.

(4)      Plaintiff's request for sanctions (ECF No. 35) is **DENIED.**

(5)      The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  1st  day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

---

[1] There are two requests for production numbered 14.  Only the second request for production numbered 14 that requests "a copy of any condition form in the Conditions Book kept at the unit desk and also in Scott's clinical files/records" is granted and is limited as noted above.

ORDER - 5