1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>                              Plaintiff,<br><br>        v.<br><br>KELLY CUNNINGHAM,<br><br>                              Defendant. | No. C11-6015 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  August 24, 2012** |

        Before the Court is Plaintiff's Motion for Temporary Restraining Order.  ECF No. 39.

This is Plaintiff's third motion for temporary relief.   Mr. Scott is confined at the Special

Commitment Center (SCC) on McNeil Island in Pierce County.  He has a long history of abusive

litigation tactics and is the subject of case management orders in the Western District of

Washington.  The Court is managing this case pursuant to those Orders.  ECF No. 4; *Scott v.

Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

        Pursuant to the case management orders, any motions for temporary relief filed by

Mr. Scott must first be reviewed by the judge:

> Any motion for temporary restraining order (TRO) or other injunctive relief
> must comply with all of the requirements of Fed. R. Civ. P. 65.  Any motion
> for a TRO or other injunctive relief, other than contained in a complaint, must
> first be reviewed by the judge.  If the motion does not meet the requirements
> of Fed. R. Civ. P. 65 the motion shall be filed with the judge's notation that
> the document is to be filed with no further ruling by the Court.  The defendant
> in the case need not file a response to the motion unless directed to do so by
> the judge.

*Scott v. Seling*, C04-5147 RJB, ECF No. 152, ¶ 11 at p. 3.

REPORT AND RECOMMENDATION - 1

1

**DISCUSSION**

2          A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

3     as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008)

4     (citations and quotation omitted).  Instead, the instant motion requires the court to "balance the

5     competing claims of injury and ... the effect of the granting or withholding of the requested

6     relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249

7     (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d

8     542 (1987)).  A plaintiff seeking a preliminary injunction must establish the following: (1) a

9     likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if

10    injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

11    advancement of the public interest. *Id.* (citations omitted).  This is an "extraordinary remedy

12    that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at

13    376.  Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but

14    instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at

15    375 (emphasis and citations omitted).

16          Thus, Mr. Scott must show that he is likely to succeed on the merits of his claim, that he

17    will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance

18    of harm favors him, and that public interest favors granting the relief he seeks.  In his Amended

19    Complaint, Mr. Scott alleges that Defendant Cunningham, either directly or through his

20    employees, engaged in retaliatory conduct against him after he sued Defendant Cunningham in

21    Case No. C11-5509.  This alleged conduct included confiscating Mr. Scott's computer and

22    electronic data, subjecting him to room and strip searches, wrongful infractions and demotions,

23    slowing down vendor orders, applying restrictive conditions, interferring with legal mail, and

24

25

26

REPORT AND RECOMMENDATION - 2

threatening loss of privileges when Mr. Scott complained about mailroom actions or medical issues. ECF No. 13.

With the foregoing legal principals and Mr. Scott's claims in mind, the undersigned makes the following recommendation as to Mr. Scott's motion for temporary injunction. In his motion, Mr. Scott alleges that the Defendant and his staff refused to make copies for him and that, as a consequence, his annual review show cause hearing was terminated because he was unable to present anything. ECF No. 39, at 2. The exhibits attached to Mr. Scott's motion reflect that the Superior Court of Washington for King County entered an Order Terminating 2012 Annual Review in Mr. Scott's detention case, finding that Mr. Scott "continues to meet the definition of a sexually violent predator." ECF No. 39, at 10. The King County Superior Court notes that Mr. Scott did not file a response to the State's memorandum and filed no responsive declarations. The Order is dated June 15, 2012. *Id.*, at 11. Also attached to Mr. Scott's motion is a request to the Special Commitment Center's copy center to make additional copies over Mr. Scott's 90 free copies per month. The request is dated June 19, 2012, four days after the court terminated the annual review. *Id.*, at 13. The copy request was denied on June 20, 2012. *Id.* An undated memorandum to the "Mailroom" from Becky Denny states that Mr. Scott does not qualify for an exception to the copy limits "as that is limited for residents who are pro se in their Commitment case. Mr. Scott currently has nothing pending in his commitment case." *Id.*, at 12.

The documents provided by Plaintiff show only that he was denied leave to make *free* copies *after* a deadline had passed in his state court commitment proceeding by an individual in the SCC mailroom who is not a defendant in this action. That individual made the determination that Plaintiff was not entitled to the free copies because Plaintiff was not acting pro se in his

REPORT AND RECOMMENDATION - 3

commitment proceedings and at that time had nothing pending in his commitment case.  Whether that determination was correct is not at issue in this lawsuit.

Mr. Scott makes no showing of any immediate threat of irreparable harm and makes no effort to comply with the standards governing temporary injunctions.  It is recommended that the noting date of this motion (ECF No. 39) be **stricken** and that there be no further ruling on this motion by the Court.

## CONCLUSION

Based on the foregoing and the case management orders governing this case, the undersigned recommends that no further action be taken on ECF No. 39.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 24, 2012**, as noted in the caption.

**DATED** this  1st_ day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4