1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                    Plaintiff,

      v.

KELLY CUNNINGHAM,

                  Defendant.

No. C11-6015 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  August 24, 2012**

       Before the Court is Plaintiff's Motion for Temporary Restraining Order.  ECF No. 26. This is Plaintiff's second motion for temporary relief.   Mr. Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County.  He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington.  The Court is managing this case pursuant to those Orders.  ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

       Pursuant to the case management orders, any motions for temporary relief filed by Mr. Scott must first be reviewed by the judge:

> Any motion for temporary restraining order (TRO) or other injunctive relief must comply with all of the requirements of Fed. R. Civ. P. 65.  Any motion for a TRO or other injunctive relief, other than contained in a complaint, must first be reviewed by the judge.  If the motion does not meet the requirements of Fed. R. Civ. P. 65 the motion shall be filed with the judge's notation that the document is to be filed with no further ruling by the Court.  The defendant in the case need not file a response to the motion unless directed to do so by the judge.

*Scott v. Seling*, C04-5147 RJB, ECF No. 152, ¶ 11 at p. 3.

REPORT AND RECOMMENDATION - 1

1

**DISCUSSION**

2          A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

3   as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008)

4   (citations and quotation omitted).  Instead, the instant motion requires the court to "balance the

5   competing claims of injury and ... the effect of the granting or withholding of the requested

6   relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249

7   (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d

8   542 (1987)).  A plaintiff seeking a preliminary injunction must establish the following: (1) a

9   likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if

10  injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

11  advancement of the public interest. *Id.* (citations omitted).   This is an "extraordinary remedy

12  that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at

13  376.  Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but

14  instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at

15  375 (emphasis and citations omitted).

16          Thus, Mr. Scott must show that he is likely to succeed on the merits of his claim, that he

17  will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance

18  of harm favors him, and that public interest favors granting the relief he seeks.  In his Amended

19  Complaint, Mr. Scott alleges that Defendant Cunningham, either directly or through his

20  employees, engaged in retaliatory conduct against him after he sued Defendant Cunningham in

21  Case No. C11-5509.  This alleged conduct included confiscating Mr. Scott's computer and

22  electronic data, subjecting him to room and strip searches, wrongful infractions and demotions,

23  slowing down vendor orders, applying restrictive conditions, interferring with legal mail, and

REPORT AND RECOMMENDATION - 2

threatening loss of privileges when Mr. Scott complained about mailroom actions or medical issues.  ECF No. 13.

With the foregoing legal principals and Mr. Scott's claims in mind, the undersigned makes the following recommendation as to Mr. Scott's motion for temporary injunction.  Mr. Scott requests that the Court "restraint [sic] the defendant and his agents from reviewing any document or media (CD/DVD etc) he receives, outside of his presence.  And that the court restrain same from reading the contents.  That they may only scan the media for inappropriate images."  ECF No. 26.  He also asks that all legal copies be made in his presence "to prevent them being lost or destroyed or read."  *Id.* at 2.  He appears to be claiming that all of his incoming media and documents are protected by "attorney client, investigator client, HIPPA laws, and work product confidentiality privileges."  *Id.*, 1-12.  Plaintiff refers to a declaration attached as Exhibit one, but one is not attached.

The issues raised in this motion are not related to the claims raised in this lawsuit. Further, Mr. Scott makes no showing of any immediate threat of irreparable harm and makes no effort to comply with the standards governing temporary injunctions.  In fact, Mr. Scott makes no colorable argument for any relief at all.  It is recommended that the noting date of this motion (ECF No. 26) be **stricken** and that there be no further ruling on this motion by the Court.

## CONCLUSION

Based on the foregoing and the case management orders governing this case, the undersigned recommends that no further action be taken on ECF No. 26.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION - 3

1    *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

2    Clerk is directed to set the matter for consideration on **August 24, 2012**, as noted in the caption.

3

4           **DATED** this  1st  day of August, 2012.

5

6

7                                                            Karen L. Strombom
                                                             United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 4